## E. T. NICHOLS v. THE STATE.

*No. 3135.   Decided October 19.*

1. **Theft.**—To convict of theft, when the property was lawfully acquired by the accused, it must be shown by the State that such lawful possession was obtained by false pretext, or with intent on the part of the accused, at the very time he obtained possession, to deprive the owner of the value of the property, and to appropriate the same to his own use, and that he did so appropriate it. Such a phase of case being presented by the evidence, the trial court should have instructed the jury in conformity with this rule; and further, that no fraudulent intent conceived *after* the lawful acquisition of the property would constitute theft.

2. **Same—Conversion by Bailee—Indictment.**—By the provisions of the Act of March 8, 1878 (Penal Code, art. 742a), the conversion of property subsequent to its lawful acquisition is made theft; but to authorize a conviction for such theft the indictment must charge conversion by the bailee. Proof which would sustain a conviction for theft as defined by said article would not support a conviction under an indictment for general theft.

3. **Same.—Theft from the Person** is an offense separate and distinct from general theft, and a conviction therefor can not be had under an indictment for general theft.

4. **Same—Jurisdiction.**—The District Court of the county in which the offense was actually committed alone has jurisdiction of theft from the person.

APPEAL from the District Court of Dallas.    Tried below before Hon. R. E. Burke.

The conviction was for the theft of a watch of value exceeding twenty dollars, and the penalty assessed was a term of three years in the penitentiary.

The questions decided on this appeal do not require a statement of the proof other than that embodied in the opinion.

No brief for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellant was convicted in the District Court of Dallas County for the theft of a watch, alleged by the indictment to have been stolen in the county of Limestone, and subsequently brought by the accused into the county of Dallas.

With regard to the original taking the evidence of the prosecuting witness Mastop was to the effect that he handed his watch to the defendant to look at in Kosse, Limestone County, but that he is not certain whether or not the defendant, after he had looked at and examined it, handed it back to him.   His best recollection was that defendant did not return it to him.   He states, however, that if defendant did return him the watch, then he is certain he, Mastop, put it in his pants pocket before going to sleep, and that after he woke up he found the watch pocket on the floor and his watch gone; that if defendant returned him the watch he put it in his pants pocket, "in which case it must have been taken out while he, Mastop, was asleep, and without his knowledge." He "was not sure if the watch was given back to him, but he thought it was not."

Two theories clearly present themselves upon this state of the facts; first, theft of property, the possession of which was lawfully acquired; and second, theft from the person.

1.   Mastop handed his watch to defendant, and the defendant's possession of the same was therefore originally lawful; then, in order to make the defendant guilty of theft under the circumstances, the State was further required to show either that the possession of the property was obtained by a false pretext, or that at *the very time* the possession of the property was thus lawfully obtained by the accused, there existed in his mind the fraudulent intent to deprive the owner of the value of the property and to appropriate the same to his own use, and that he did so

appropriate the property. The fraudulent intent must have existed at the *very time* of acquiring the possession of the property, because no subsequent fraudulent intent, and no subsequent fraudulent conversion or appropriation, would be sufficient to establish his fraudulent intent at the time of the acquisition. Penal Code, art. 727; Willson's Crim. Stats., secs. 1268, 1269; Guest v. The State, 24 Texas Ct. App., 235; Cunningham v. The State, 27 Texas Ct. App., 479; Graves v. The State, 25 Texas Ct. App., 333. Defendant was indicted simply for the theft of the property. To have held him liable for a conversion of property after he had lawfully acquired possession thereof, under the provisions of the Act of March 8, 1878 (Willson's Crim. Stats., sec. 1292; Penal Code, art. 742a), it would have been essential that the indictment should have charged conversion by a bailee. Proof which would support a conviction for the theft defined by the said Act of March 8, 1878 (Penal Code, art. 742a), would not authorize a conviction for theft under an indictment for general theft. Taylor v. The State, 25 Texas Ct. App., 96.

The indictment being for general theft, and the possession of the defendant being a possession acquired from and with the consent of the owner, and therefore lawful, the court should, as part of the law applicable to the facts of this phase of the case, have instructed the jury substantially that before they could convict in the case they must find that the intent to deprive the owner of the value of the property existed at the very time of its acquisition, and that unless they so found no subsequent fraudulent intention, appropriation, or conversion would make his previous original and lawful taking theft. Penal Code, art. 727; Willson's Crim. Stats., secs. 1268, 1269. The learned trial judge did not instruct the jury as to these well established principles of law—principles which were directly applicable to the case as made by the allegations and proof, in so far as general theft of the property was concerned; and the charge was consequently defective in not setting forth distinctly the law applicable to the case.

2. With regard to the second theory or phase of the case, if after acquiring possession of the watch to look at it the defendant returned it to Mastop, the owner, and Mastop placed it in his pocket and went to sleep, and if during the sleep of Mastop defendant privately stole the watch from his person without the knowledge of said Mastop, then the defendant would be guilty of a different offense from that stated in the indictment—that is, the specific offense denominated by our Code as "theft from the person" (Penal Code, arts. 744, 745); and this offense being essentially different from ordinary theft, a conviction thereof could not be had under an indictment for ordinary theft. Harris v. The State, 17 Texas Ct. App., 132; Willson's Crim. Stats., sec. 1312; Graves v. The State, 25 Texas Ct. App., 333. The learned trial judge submitted no

instruction to the jury upon this phase of the case, and refused a re-
quested special instruction presenting the law applicable thereto.

Again, another and important view of the facts is that if the case made
·was one of "theft from the person," then the District Court of Dallas
County would have no jurisdiction to try it, because such offense could
·only be legally prosecuted in the county of the venue where the offense
was completed, to-wit, in Limestone County. Where a party is prosecuted
·in a county other than that in which the theft was committed, a complete
·offense must be shown in the county of the prosecution, in order to war-
rant a conviction. Roth v. The State, 10 Texas Ct. App., 27. "Theft
·from the person" can transpire only in the county where the actual overt
act of the taking was committed, and can be prosecuted only in the county
where the act was committed. It can not, like ordinary theft, be prose-
cuted in any county through or into which the thief may carry the prop-
·erty. Gage v. The State, 22 Texas Ct. App., 123; Clark v. The State,
23 Texas Ct. App., 612; Willson's Crim. Stats., sec. 1312; West v. The
·State, *ante*, 1.

For the errors pointed out and discussed, the judgment is reversed and
, the cause remanded.

*Reversed and remanded.*

Hurt, J., absent.