[Crim. No. 818.   First Appellate District.—August 26, 1918.]

In the Matter of the Application of FERNAZ L. SILVA for a Writ of Habeas Corpus.

CRIMINAL LAW—INVALID INDETERMINATE SENTENCE—RESENTENCE AFTER SERVICE OF PART OF ORIGINAL TERM.—Where one convicted of a crime committed before the taking effect of the indeterminate sentence law, after he had been imprisoned several months under an indeterminate sentence unlawfully imposed, was lawfully resentenced to a definite term, the sentence imposed by the later amended judgment began to run from the date upon which the original judgment was entered.

APPLICATION for a Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

Fernaz L. Silva, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—The petitioner was convicted of an offense committed before the taking effect of the so-called indeterminate sentence law. In passing judgment upon him, however, the court sentenced him to imprisonment, to use the language of the judgment, "in accordance with section 461 of the Penal Code," which section provides that the punishment for burglary of the first degree—the offense of which the petitioner was convicted, should be imprisonment for not less than one year nor more than fifteen, thus leaving undetermined the duration of his confinement. Subsequently and after the decision of the supreme court in the case of *Ex parte Lee,* 177 Cal. 689, [171 Pac. 958], the petitioner was brought before the superior court and resentenced, his punishment this time being fixed at one year's imprisonment. At this time he had already served six months and six days; and if the second sentence dates from the making and entry of the first judgment, as the petitioner contends, he has served the full term imposed when resentenced if account be taken of certain credits for good conduct to which it is admitted he is entitled, and is consequently entitled to be released.

It is conceded that the court had jurisdiction of the cause and of the person of the petitioner, so that it had power to pass upon him a judgment of imprisonment. Such judgment, therefore, was not void, although it did not, as according to the law in force at that time it should have done, provide a definite term of incarceration. Nor has any appeal been taken from said judgment. A similar situation arose in the case above mentioned (*Ex parte Lee*), where it was held that in such a case a proper procedure to remedy the defect in the judgment was to return the person affected by it to the judge or court that had imposed the irregular sentence and have a proper sentence pronounced, the court finding warrant for such procedure under the terms of section 1493 of the Penal Code.

The question now arises whether the amended judgment should run from its date or the date of the one of which it is amendatory. In *Clark* v. *Dunnam*, 46 Cal. 205, it was held that in the absence of a statute to the contrary an amended judgment will be held to speak from the date of the original judgment. Whether that principle applies to a criminal case was considered in *Burnett* v. *State*, 14 Tex. 455, [65 Am. Dec. 131], where it was held that the rule for the construction of a judgment is the same in a criminal case as in a civil. And in *People* v. *O'Brien*, 4 Cal. App. 723, [89 Pac. 438], while this question was not directly discussed or considered, the decision in the case in effect applies the principle.

We think it follows from the foregoing that the sentence imposed upon the petitioner by the amended judgment ran from the date upon which the original judgment was made and entered, and that the term of imprisonment imposed, deduction being made of the credits to which it is admitted the petitioner is entitled, has expired, and that the petitioner is entitled to be discharged from custody.

The petitioner is discharged.