[Crim. No. 546. Third Appellate District.—October 25, 1920.]

In the Matter of the Application of HENRY V. HEATH for a Writ of Habeas Corpus.

[1] CRIMINAL LAW — CONVICTION OF ROBBERY — PRIOR CHARGE OF BURGLARY—FIXING OF SENTENCE—POWER OF BOARD OF PRISON DIRECTORS.—Where a person is convicted of the crime of robbery, together with a prior charge of burglary, the board of prison directors is not authorized or permitted, by virtue of the indeterminate sentence law, to disregard the prior conviction and fix the term of imprisonment as though said person had been convicted of robbery only.

APPLICATION for a Writ of Habeas Corpus to secure the release of a person confined in a state prison after conviction of the crime of robbery, together with a prior charge of burglary. Writ denied.

The facts are stated in the opinion of the court.

Henry V. Heath, *in pro. per.*, for Petitioner.

THE COURT.—[1] In the superior court of Alameda County, in the month of April, 1919, the petitioner was convicted of the crime of robbery, together with a prior charge of burglary. In such cases it cannot be disputed that the statute requires the punishment to be imprisonment

49 Cal. App.—42

in the penitentiary for life. There is no minimum sentence for such case. (Secs. 213 and 667, Pen. Code.) But it is claimed that by virtue of the indeterminate sentence law (Stats. 1917, p. 665), the board of prison directors should have disregarded the prior conviction and fixed the term of imprisonment as though the defendant had been convicted of robbery only. But this is a mistaken view of the law. Said statute does not affect the procedure as to prior convictions nor does it relieve the defendant of the additional burden that may be imposed thereby. It does not, indeed, authorize or permit the state prison directors to fix the term of imprisonment where no minimum is prescribed by the law. Their authority is limited to cases wherein the legislature has provided both a minimum and a maximum punishment. This appears from subdivision (d) of said act as follows: "The governing authority of the reformatory or prison in which such person may be confined, or any board or commission that may be hereafter given authority so to do shall determine after the expiration of the *minimum* term of imprisonment has expired, which length of term, if any, such person shall be confined," etc. In the case at bar they had no discretion in the matter, since, at the time of petitioner's conviction, there was no minimum provided, and it is quite apparent that if they had attempted to fix the term at less than life they would have exceeded their authority. We may add that section 18a (Stats. 1919, p. 7) does not apply to this case. There is nothing in the situation before us to indicate in the slightest any illegality in the detention of petitioner. The petition, therefore, for a writ of *habeas corpus* is denied.