[Crim. No. 579. Third Appellate District.—June 17, 1921.]

In the Matter of the Application of ART DENECKE for a Writ of Habeas Corpus.

CRIMINAL LAW—SECOND DEGREE BURGLARY—TERM OF IMPRISONMENT.— Application denied on authority of *Ex parte Carlton, ante,* p. 225.

APPLICATION for a Writ of Habeas Corpus to secure release from state prison. Denied.

The facts are stated in the opinion of the court.

Art Denecke, *in pro. per.*, for Petitioner.

HART, J.—The petitioner has addressed his application to me, as a justice of this court, for a writ of *habeas corpus.* Said petitioner is confined in the state prison at Represa under a sentence of imprisonment for the crime of burglary of the second degree. The prison board fixed the term of his imprisonment at three years. He now claims that he is under illegal restraint of his liberty, his claim being that the said prison board exceeded its authority or jurisdiction in determining what his term of imprisonment should be. The specific grounds upon which the petitioner claims that he is entitled to be released are the same as those relied upon by the petitioner in the case of *Ex parte Carlton, ante,* p. 225, [200 Pac. 51], in which, an opinion was filed holding that the grounds upon which the said petitioner claimed to be entitled to his release from custody are without legal force, and thereupon denying the petition for the issuance of the writ of *habeas corpus.* It follows, of course, that the petition herein for a writ of *habeas corpus* must be denied, and, upon the authority of the said case of *Ex parte Carlton,* such is the order.