[Crim. No. 578.    Third Appellate District.—June 17, 1921.]

In the Matter of the Application of CARL CARLTON for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—FELONY CASES—CONVICTION—JUDGMENT.—Under the indeterminate sentence law the court, in a felony case, where a conviction has been had, can do no more, in the matter of passing sentence, than to pronounce judgment of sentence, which merely involves an adjudication, by implication from the verdict of conviction, of the prisoner's guilt and his punishment by confinement in one of the prisons of the state, designated in the judgment, without fixing or naming either the minimum or maximum penalty for the offense of which he was convicted.

[2] ID.—SECOND DEGREE BURGLARY—TERM OF IMPRISONMENT—JURISDICTION OF PRISON BOARD.—In the case of second degree burglary, in which no minimum penalty is specifically prescribed by the statute, the prison board has the power, at any time after the prisoner has been committed to the custody of the prison and the authorities thereof, to determine what shall be the length of the prisoner's term up to the maximum time for which he can be punished.

[3] ID.—IRREGULARITIES IN JUDGMENT—HABEAS CORPUS.—A prisoner confined in a state prison is not entitled to his discharge from custody because of an irregularity in the judgment, such as a failure to fix the time therein, which the court would have the right to correct.

53 Cal. App.—15

APPLICATION for a Writ of Habeas Corpus to secure release from the state prison. Denied.

The facts are stated in the opinion of the court.

Carl Carlton, *in pro. per.*, for Petitioner.

HART, J.—To the writer, as a justice of this court, the petitioner, who is confined in the state prison at Represa, state of California, under a sentence of five years for burglary of the second degree, addresses this petition, claiming that his restraint by the warden of said prison is unlawful for the reason that the state board of prison directors, in fixing his punishment under the indeterminate sentence law, exceeded its jurisdiction for reasons to be hereinafter stated.

The petitioner presents this application *in propria persona* or without being represented by an attorney, and, as I find, upon examination of the same, that it is plainly my duty to deny the application, it is believed to be only just to him that the reason for so doing should be briefly stated.

Section 461 of the Penal Code provides that "burglary of the second degree is punishable by imprisonment in the state prison for not more than five years." Thus it will be observed that no minimum penalty is *specifically* prescribed for said crime. It is alleged in the petition, however, that the petitioner was given an indeterminate sentence of "from nothing to five years," and it is contended by the petitioner, first, that the prison board is without legal authority to fix the term of the prisoner in those cases where there is no minimum penalty specifically prescribed by the law; second, that, if said board is in such cases authorized to fix or determine the time during which the prisoner shall remain in prison, and the court sentencing the prisoner has not, in its judgment of sentence, fixed or specified the minimum penalty, then, in its order determining what length of time the prisoner shall serve, said board must also fix or specify the minimum term, and that omission to do so renders the determination or order void. In support of the proposition first stated, the case of *Ex parte Heath,* 49 Cal. App. 657, [194 Pac. 68], is cited.

I first observe that, in the absence of a better showing than is here made of the nature of the sentence pronounced by the court against the petitioner, I will not assume or believe that any such sentence was pronounced, as it would involve a palpable absurdity, assuming that the fixing of a minimum and a maximum or any penalty in the judgment of sentence by the court is necessary under the law or that it adds any legal force to the judgment of sentence.

But I do not think that the specification of any penalty is required to be made in a judgment of sentence. [1] Under the indeterminate sentence law [Stats. 1917, p. 665] the court, in a felony case, where a conviction has been had, can do no more, in the matter of passing sentence, than to pronounce judgment of sentence, which merely involves an adjudication, by implication from the verdict of conviction, of the prisoner's guilt and his punishment by confinement in one of the prisons of the state, designated in the judgment. In the case of *People* v. *Lee*, 36 Cal. App. 323, 334, [172 Pac. 158], it was suggested, but not decided, that "it would seem from the language of the section [1168 of the Penal Code; see Stats. 1917, p. 665] that it was contemplated that judgment of sentence should merely be that the defendant be confined in one of the state prisons, without fixing or naming either the minimum or maximum penalty for the offense of which he was convicted." I think that that expression involves a correct construction of the law or, in other words, discovers the intention of the legislature in that particular.

As to the nature of the order of the prison board determining the term during which the prisoner shall serve, the statute itself seems to be very clear. It provides that said board shall, after the expiration of the minimum term of imprisonment of any prisoner, determine what length of time such prisoner shall be confined. This means, of course, that the board shall determine only what the maximum penalty the prisoner is to suffer shall be. Obviously, neither the board nor the prisoner is concerned with the minimum penalty when the time at which the board may determine what the maximum penalty shall be has been reached.

The petitioner misapprehends the purport of the decision in *Ex parte Heath, supra.* There the petitioner had been convicted of the crime of robbery, together with a prior con-

viction of burglary. In such a case the punishment provided is imprisonment in the state prison for the term of the prisoner's natural life. (Secs. 213 and 667, Pen. Code.) In other words, there is in such a case, under the law, no minimum penalty either expressly provided for or implied from the language fixing the penalty. Neither the court nor the prison board is, in such case, vested with any discretion in the matter of determining what length of time the prisoner shall serve. The law itself has determined and fixed that time and fixed it at straight life imprisonment. What, with obvious propriety, is held in the Heath case and intended by this court to be held therein is that where, as in that case, the law provides a straight, definite term during which the prisoner shall serve in prison and so leaves in the court or prison board no power or discretion to fix any other or different penalty, then, there being no minimum penalty which can be fixed, the indeterminate sentence law does not and cannot apply.

[2] In the case of second degree burglary, as is also true as to some other crimes which could be named, while there is no minimum penalty *specifically* prescribed by the statute, there is, nevertheless, an implied minimum penalty. As seen, the punishment for daylight burglary, as fixed by the statute, is any term not exceeding five years, which manifestly constitutes the maximum penalty. The minimum may be for one day or for one hour or even less, as the prison board may determine, and thus, as stated, there is a minimum penalty for the offense, even though, so far as the statute itself is concerned, it is indefinite or not specifically fixed. In such case the prison board is vested with a discretion in the matter of determining "what length of time" the prisoner shall be confined in prison, whether the limit of the maximum term prescribed or anything less to the smallest fraction of time, and, within the fair and reasonable import of the statute, may, in such a case, at any time after the prisoner has been committed to the custody of the prison and the authorities thereof, determine what shall be the length of the prisoner's term up to the maximum time for which he can be punished.

[3] But, it may be added, if the prison board was in such a case without authority to fix the length of time during which the prisoner shall suffer imprisonment, the power

to do so still remains in the superior court, and, since the judgment of sentence would, for failure to fix the time therein, amount only to an irregularity, or, in other words, not render the judgment absolutely void, the court would have the right to correct its judgment in that particular (*In re Silva,* 38 Cal. App. 99, [175 Pac. 481]), and, therefore, in any event, the prisoner would not be entitled to his discharge from custody.

The application for the writ herein prayed for is denied.