[Crim. No. 2661. In Bank.—February 11,. 1924.]

Ex parte HENRY V. HEATH on Habeas Corpus.

[1] CRIMINAL LAW—ROBBERY—SENTENCE.—As the only sentence possible upon a conviction of robbery, after a prior conviction of a felony, is one for life imprisonment, a sentence and judgment that defendant be confined in the California state prison according to law are sufficiently specific. ·

APPLICATION for a Writ of Habeas Corpus to release the petitioner from the State Prison. Writ denied.

The facts are stated in the opinion of the court.

Henry V. Heath, *in pro. per.*, for Petitioner.

THE COURT.—Petitioner is detained in the California state prison at Folsom and seeks a writ of *habeas corpus.*

The judgment under which he is imprisoned sentenced petitioner to be confined in the California state prison according to law. The petitioner was convicted of the crime of robbery after a prior conviction of a felony. (*In re Heath*, 49 Cal. App. 657 [194 Pac. 68].) The punishment fixed by law is life imprisonment. (*In re Heath, supra;* secs. 213 and 667, Pen. Code.) The petitioner contends that inasmuch as the indeterminate sentence law does not apply (*In re Heath, supra*), that it was the duty of the trial court, under section 12 of the Penal Code, to have fixed the term of imprisonment. Section 13 provides that the sentence shall be fixed by the court "whenever in this code the punishment for a crime is left undetermined between certain limits." [1] In the case at bar, in view of the fact that the only sentence possible was one for life imprisonment, the sentence and judgment were sufficiently specific. (*In re Heath, supra.*)

The petition is denied.