[Crim. No. 1389.   Third Appellate District.—July 30, 1934.]

THE PEOPLE, Respondent, v. PIERRE d'A PHILIPPO, Appellant.

Pierre d'A Philippo, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

PLUMMER, J.—This cause is before us on an appeal by the defendant from an order of the trial court denying his motion in arrest of judgment.

The record before us discloses that the defendant was tried in 1932 upon an indictment charging him with grand theft in seventeen counts and one count charging violation of the Corporate Securities Act. Upon this indictment the defendant was found guilty on nine of the counts contained in the indictment, and also guilty of the offense of violating the Corporate Securities Act. The indictment also charged certain prior convictions and serving sentences therefor, of which the defendant was found guilty.

Following the return by the jury of the verdict finding the defendant guilty, as just stated, the court pronounced judgment upon the defendant as an habitual criminal under the provisions of section 644 of the Penal Code. Upon a hearing had in the Supreme Court the judgment of the trial court sentencing the defendant as an habitual criminal was set aside on the ground that the trial court had no jurisdic-

tion to sentence the defendant as an habitual criminal, and in its opinion reversing the judgment of the trial court made the following order: "It appearing, as above stated, that the trial court was without jurisdiction to adjudge defendant an habitual criminal, such judgment is hereby reversed with directions to the court below to resentence defendant, as required by law. (220 Cal. 620 [32 Pac. (2d) 962].)"

In accordance with the order of the Supreme Court just set forth, the defendant was, on the ninth day of June, 1934, returned to the county of San Joaquin, and by the superior court thereof resentenced on the nine counts charging grand theft, of which the defendant had been found guilty, and also on the one count charging violation of the Corporate Securities Act, of which the defendant had been found guilty. The judgment last pronounced sentenced the defendant to the state prison for the term provided by law, specifying in the judgment that the sentences should run concurrently.

Upon this appeal it is contended that the Supreme Court had no jurisdiction to remand the defendant to the superior court for resentencing; that the power of the Supreme Court is limited by the provisions of section 1260 of the Penal Code to affirming, reversing or modifying the judgment originally pronounced following the verdicts finding the defendant guilty of the ten counts referred to.

It is further contended that the last judgment and sentences pronounced are void in that the defendant is being twice placed in jeopardy. It is also further contended that the judgment pronounced by the court in the first instance was not wholly void but was only partially void, and therefore, as appears to have been held in the case of *In re Humphrey,* 64 Cal. App. 572 [222 Pac. 366], and *In re Sullivan,* 3 Cal. App. 193 [84 Pac. 781], the jurisdiction of the lower court was exhausted and could not be reinstated warranting the resentencing of the defendant.

It is also contended that the resentencing of the defendant is violative of the fourteenth amendment of the United States Constitution. The contention is also made that this court, under the provisions of section 1484 of the Penal Code, should take into consideration the number of months

that the defendant has already been confined in the state prison, and order his discharge.

Without questioning the holding had in either the Humphrey or Sullivan case, *supra,* it is evident from the cases having to do with irregular judgments that those cases must be confined strictly to the circumstances upon which the opinions are founded.

That an appellate court has power to remand a cause to the trial court in order that a correct judgment may be entered in conformity with the verdict of the jury or pleas entered by the defendant, is now established we think beyond question by the following cases hereinafter cited: *In re Stratton,* 133 Cal. App. 309 [24 Pac. (2d) 174], where the defendant had entered a plea to an information charging robbery, and no proof was taken fixing the degree of the offense, this court remanded the cause to the trial court with directions to the lower court to take the necessary proof as required by section 1192 of the Penal Code, and resentence the defendant. In support of that holding the following cases were cited: *In re Lee,* 177 Cal. 690 [171 Pac. 958]; *In re Stroff,* 132 Cal. App. 351 [22 Pac. (2d) 779]; *People* v. *O'Brien,* 122 Cal. App. 147 [9 Pac. (2d) 902]; *People* v. *Scott,* 39 Cal. App. 128 [178 Pac. 298].

In pursuance of the order made by this court in the Stratton case remanding the defendant to the lower court for the purposes just stated, proceedings were had therein in accordance with the directions of this court, and from the judgment so entered the defendant prosecuted two appeals to this court presenting almost identically the same questions which are tendered in the instant case for our consideration. (*People* v. *Stratton,* 136 Cal. App. 201 [28 Pac. (2d) 695–699].) In both these cases hearing was denied by the Supreme Court. As to ''once in jeopardy'' this court in the first appeal held as follows: ''The law is well settled in this State that where a defendant procures a reversal of a former judgment, and the cause is remanded for further hearing, the defendant is not entitled to a discharge, even though, in his proceeding to obtain a reversal, he did not ask for a new trial, and the plea of former jeopardy is no defense to the proceeding.'' (See, also, *People* v. *Olwell,* 28 Cal. 456; *People* v. *Barrie,* 49 Cal. 342; *People* v. *Lee Yune Chong,* 98 Cal. 379 [29 Pac. 776].)

■ The language in the opinion in the Stratton case just cited, relative to the fourteenth constitutional amendment, is applicable here, to wit: "We have carefully considered the contention of the appellant, based upon the fourteenth amendment to the United States Constitution and the United States Supreme Court cases cited in his brief, but as they do not appear to be pertinent to any of the issues involved herein, we do not deem it necessary to consider them at length in this opinion." As in the Stratton case last referred to, so it is true here that the original sentence pronounced upon the defendant has been set aside by his own acts and cannot now be pleaded as constituting former jeopardy. (*In re Fritz*, 179 Cal. 415 [177 Pac. 157].) In the case of *In re Fritz, supra*, and also in the case of *In re Lee, supra*, the defendant had been erroneously sentenced under the indeterminate sentence law, and in both instances the defendant was remanded to the lower court for resentencing.

■ In support of his contention that the provisions of section 1484 of the Penal Code should be taken into consideration, the defendant cites the case of *In re Bouchard*, 38 Cal. App. 441 [196 Pac. 692], and *In re Silva*, 38 Cal. App. 98 [175 Pac. 481]. Both of these cases were disapproved in the case of *In re Fritz, supra*.

Irrespective of the disapproval of the Silva and Bouchard cases, the record shows that the defendant has been convicted upon ten counts, nine of grand theft, and one for violation of the Corporate Securities Act, and that during the pendency of his appeals, approximately two years have elapsed. The record also shows the former criminal tendencies of the defendant. Such a record calls for a sentence much beyond the limit of the time that the defendant has already been incarcerated, and justice would not be served were the defendant discharged at this early date.

Finding no merit in the appeal, the order of the trial court is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1934.