[Crim. No. 3763. In Bank.—February 20, 1935.]

THE PEOPLE, Respondent, v. ALTON H. VAILE, Appellant.

442

Alton H. Vaile, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Jess Hession and William F. Cleary, Deputies Attorney-General, for Respondent.

PRESTON, J.—In this cause both appellant and respondent sought a rehearing, which was granted. Upon further consideration of the cause we are led to adhere to our former conclusion and readopt the opinion then prepared for the court by Mr. Justice Curtis, as follows:

"The appellant was charged by an information filed August 15, 1930, in the superior court of the county of Yolo with the commission of four felonies and also with three prior convictions of a felony. He was found guilty of two of the felonies charged and plead guilty to the three prior convictions of a felony as alleged in the information. The trial court thereafter and on October 14, 1930, pronounced judgment against him. Said judgment was entered upon the minutes of the court, and the court, as shown by said entry upon its minutes, after reciting that defendant had been convicted of two of the felonies charged against him in the information, and that he had pleaded guilty to the three prior convictions of a felony, pronounced judgment as follows: 'And no sufficient cause being shown or appearing to the court, thereupon the court renders its judgment: That whereas the said Alton H. Vaile has been duly convicted in this court of the crimes of lewd and lascivious conduct, and

infamous crime against nature, with three prior convictions of felony, it is therefore ordered, adjudged and decreed that the said Alton H. Vaile be punished by confinement in the State Prison of the State of California, and that the said Alton H. Vaile be taken to the Warden of the State Prison at Folsom.' Said minute entry further showed that the court then ordered that the defendant be remanded to the sheriff of the county of Yolo, to be by him delivered into the custody of the warden of the state prison at Folsom, California. A copy of this minute entry, certified as provided by law, was by the sheriff of said county delivered to the warden of the state prison at Folsom, at the time of the delivery of the defendant by said sheriff to said warden. On June 9, 1933, which was almost three years after said judgment was pronounced, the trial court made an order directed to the sheriff of said county to take defendant from the state prison at Folsom and bring him before said court for such further proceedings as to the court might seem meet and proper. It was recited in said order that the same was made for the reason that 'the court had omitted to find that the defendant was an habitual criminal without right of parole, and it appearing to the court to be a proper order in the premises'. In compliance with this order, the sheriff brought said defendant before the trial court, and said court again pronounced judgment against him, which said judgment was in all respects substantially like the first judgment pronounced against defendant, except that in said second judgment the court expressly adjudged defendant to be an habitual criminal by reason of said three prior convictions and the conviction in this action, and adjudged that said defendant 'as such habitual criminal be punished by confinement in the state prison of the state of California, without the right of parole'. It is from this judgment that the present appeal has been taken.

    ■ "Appellant assigns various reasons why the judgment should be reversed. His main contention is that he has been prejudicially affected by the entry of the second judgment by reason of the fact, as claimed by him, that by the second judgment he had been adjudicated to be an habitual criminal and punished as such habitual criminal while by the first judgment he was sentenced and punished only for the two felonies of which he was convicted in the supe-

rior court of the county of Yolo. We think the appellant has misconceived the legal effect of the first judgment pronounced against him by said superior court. In that judgment the court expressly found and adjudicated that the defendant had been convicted of two felonies after three prior convictions of a felony. It then directs that defendant be imprisoned in the state prison of the state and that the sheriff deliver him to the warden of said state prison. The commitment which was delivered to the warden, being a certified copy of the court's judgment, clearly showed that defendant had suffered the three prior convictions of a felony as well as his conviction of the two felonies charged against him in the information herein. Section 644 of the Penal Code as then in force declared that a defendant so convicted should 'be punished by imprisonment in the state prison for not less than life and shall not be eligible to parole'. There is no basis whatever for the claim of defendant that under the first judgment he was sentenced and punished only for the two felonies with which he was charged in said information as said judgment expressly adjudicated his three prior convictions of a felony as well as the subsequent conviction of two felonies. There was, therefore, in legal effect no difference between the two judgments and the defendant was in no way injured by the entry of the second judgment. It is true that the second judgment contains a formal adjudication that the defendant was an habitual criminal. The procedure leading up to the pronouncement of this second judgment apparently followed the suggestion made by this court in the case of *In re Boatwright,* 216 Cal. 677, 683 [15 Pac. (2d) 755]. The validity of a judgment like the first judgment pronounced herein was not before us in that proceeding, and what was said in our opinion relative to such a judgment cannot be held to be a judicial determination of that question. ■ In cases where a defendant has been found to be an habitual criminal we think, as stated in our opinion in the Boatwright case, that the trial court should include therein as part of said judgment a formal adjudication that the defendant was an habitual criminal. But the omission of such formal adjudication in a final judgment would not vitiate said judgment nor in any way impair its effectiveness so long as the judgment contained an adjudication that the defendant had

been found guilty of the several crimes which, when committed by a single person, rendered him an habitual criminal. The defendant, therefore, was not aggrieved by the pronouncement of said second judgment. If the second judgment is erroneous for any reason, the first judgment is in full force and effect, and in pursuance thereof he is subject to punishment as an habitual criminal. If the second judgment is valid, it neither adds to nor detracts from the force and effect of the first judgment. It would avail defendant nothing to have the second judgment set aside, reversed, or in any way modified.''

■ As stated in the foregoing opinion, under the indictment, plea, verdict and commitment, the only term of imprisonment permissible under the law was imprisonment for life without parole (sec. 644, Pen. Code, as it read at the time judgment was pronounced). Under such circumstances the indeterminate sentence provisions of section 1168 of the Penal Code are inapplicable. The law itself has set a sole, definite and unchangeable period of imprisonment; therefore, when the court sentenced the defendant, it was of necessity for this period.

As we read the cases of *In re Heath*, 49 Cal. App. 657 [194 Pac. 68], and *Ex parte Heath*, 193 Cal. 192 [223 Pac. 546] (second application of same defendant), they confirm this conclusion. See to the same effect *In re Carlton*, 53 Cal. App. 225 [200 Pac. 51].

■ By this holding no judicial function devolves upon the board of prison terms and paroles. Pronouncing of sentence is distinctly a judicial act. What we have here done is merely to hold that the only construction that can be given the judgment rendered on this conviction is that which imposes a sentence of life imprisonment. The resentence of the court added clarity but did not add efficacy to the former judgment.

The appeal is dismissed.

Curtis, J., Waste, C. J., Shenk, J., Langdon, J., Seawell, J., and Thompson, J., concurred.