[Crim. No. 2655.   Second Appellate District, Division Two.—March 8, 1935.]

THE PEOPLE, Respondent, v. GEORGE R. FITZWATER, Appellant.

188

Frederic H. Vercoe, Public Defender, and William B. Neeley, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

WILLIS, J., *pro tem.*—This is an appeal from a judgment of imprisonment in San Quentin founded upon conviction of petit theft with prior conviction of a felony under the "Dyer Act". Appellant contends that under the provisions of sections 667 and 668 of the Penal Code it was error to admit proof of the prior conviction charged and to enter judgment adjudging him guilty of a felony with imprisonment in a state prison.

At the outset of consideration of this case we are embarrassed by the declaration of counsel on each side that a decision contrary to his respective contention will be a "travesty on justice". Despite such extravagance of argument and the disturbing effect thereof on the calm of judicial inquiry, we shall carry on, hew to the line and let the chips fall where they may.

By information appellant was charged with the crime of "petit theft with prior conviction of a felony, towit, violation of the Dyer Act, a felony", and service of a term therefor in a penal institution, the conviction being alleged to have occurred in the District Court of the United States in and for the Southern District of California on or about January 16, 1924. At the trial the guilt of appellant of the charge of petit theft was established, and there was offered and, over his objection, received in evidence a certified copy of the record of conviction of appellant in the United States court above mentioned of feloniously causing a motor vehicle

to be transported from Oakland, California, to Los Angeles and thence out of the jurisdiction of the United States and said court to the city of Tia Juana, Baja California, in the Republic of Mexico, the defendant then and there well knowing the said motor vehicle to have been stolen and being then and there not the property of defendant, and the defendant not having the consent or permission of the owner of said motor vehicle to take, transport or cause to be transported said motor vehicle from the county of Los Angeles to the said city of Tia Juana. It was admitted that appellant served a term of imprisonment in a penal institution under this conviction.

Section 667 of the Penal Code provides that "every person who, having been convicted of any felony either in this state or elsewhere, and having served a term therefor in any penal institution, commits petit theft after such conviction, is punishable by imprisonment in the state prison not exceeding five years". We take judicial notice that the "Dyer Act", so called in the information herein, is the National Motor Vehicle Theft Act, which in its pertinent parts provides that whoever shall transport or cause to be transported from one state to another or to a foreign country a motor vehicle, knowing the same to have been stolen, is guilty of a felony. (18 U. S. C. A., secs. 408 and 541.)

Considering and applying the language of section 667 of the Penal Code in its literal sense and meaning, it appears clearly that there was no error in charging and admitting proof of the previous conviction of violation of the National Motor Vehicle Theft Act. For such consisted in proof of a previous conviction of a felony in this state, to-wit, in the District Court of the United States in and for the Southern District of California.

Appellant, however, contends that section 667 must be construed with the provisions of section 668 of the Penal Code, and that such construction limits the words "any felony" in section 667 to offenses which, if committed within this state, would be punishable by the laws of this state by imprisonment in a state prison; and that because of the interstate element necessary to complete the offense defined in the National Motor Vehicle Theft Act, such offense could not be committed within this state. We have read and considered these sections together and find no limitation of the expression "any felony" as used in section 667 by the lan-

guage of section 668, but rather an addition to the scope thereof by characterizing as a felony any offense of which the accused has been convicted in any other state, government or country, whether denominated therein as felony or misdemeanor, which, if committed within this state, would be punishable by imprisonment in the state prison. ▮ However, and regardless of the conclusion just above reached, we do not agree with appellant's contention that under the terms of section 668 a violation of the Dyer Act may not be properly pleaded and proved as a previous conviction of felony, under section 667.

The offense defined in the so-called Dyer Act is the transporting from one state to another or to a foreign country of a motor vehicle, knowing the same to have been stolen. By section 146 of the California Vehicle Act it is provided that any person who shall drive or take a motor vehicle not his own, without the consent of the owner and in his absence and with intent to either permanently or temporarily deprive the owner thereof of his title to or possession of such vehicle, whether with or without intent to steal the same, shall be guilty of a felony. It is plain that both acts denounce the same general conduct of persons in respect to driving or transporting motor vehicles belonging to another without the owner's consent. Driving a stolen automobile, with knowledge that it has been stolen and without the owner's consent, within the state and up to the state line, would constitute a felony under the state law. The same acts begun within the state and continued over the state line would constitute a felony under the Dyer Act. The same offense is described in both cases, the single difference being an item of jurisdiction of the respective courts of the state and the United States to punish therefor. It has been held that the Harrison Narcotic Act and the State Poison Act denounce the same general conduct, and that a conviction under the former act may be pleaded and proved as a previous conviction under section 668 of the Penal Code. (*People* v. *Bigelow,* 94 Cal. App. 28 [270 Pac. 460].) In the case of *People* v. *Albritton,* 110 Cal. App. 188 [294 Pac. 76], the decision in *People* v. *Bigelow, supra,* was approved, but it was held that a previous conviction under the "Jones-Miller Act" of Congress, relating to customs laws, could not be properly pleaded and proved under section 668 of the

Penal Code, because it was for conviction of an offense not denounced by the statutes of this state, there being no custom laws whatever in California.

We are satisfied that the National Motor Vehicle Theft Act and section 146 of the California Vehicle Act denounce the same general conduct or acts, and that each defines such conduct and acts as a felony. It follows that there was no error in charging and proving the previous conviction of appellant of violation of the so-called Dyer Act, as charged in the information.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.