[Crim. No. 3091. Second Appellate District, Division Two.—May 27, 1938.]

THE PEOPLE, Respondent, v. HOWARD MORRISON et al., Defendants; HARLEY J. ROBINSON, Appellant.

Frederic H. Vercoe, Public Defender, and John J. Hill, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

WOOD, J.—Appellant was charged in each of two counts of the information with the felonious taking of a motor vehicle in violation of section 503 of the California Vehicle Code. The information further charged: ''That before the commission of the offenses in this information hereinbefore set forth, the said defendant, Harley J. Robinson (under the name of Harley Robinson), was in the circuit court of the state of Michigan, in and for the county of Hillsdale, convicted of the crime of larceny, a felony, and the judgment of said court against said defendant, in said connection, was, on or about the 16th day of January, 1934, pronounced and rendered, and said defendant served a term of imprisonment therefor in a penal institution. The former conviction herein alleged against said defendant Harley J. Robinson is hereby charged against him with respect to each of the counts hereinbefore set forth, and by reference the same is hereby made a part of said counts.'' Appellant entered pleas of guilty to each of the said counts but denied that he had previously been convicted of a felony. The trial court found that the charge of the prior conviction of a felony was true and sentenced appellant to the state prison at Folsom.

The appellant contends that the trial court erred in holding that he had been convicted of a felony in the state of Michigan. The attorney-general has filed a brief in which he frankly and properly concurs in the contention of appellant. The only evidence offered by the prosecution to establish the prior conviction was an exemplified copy of the record of the Michigan conviction, introduced as people's exhibit One. In this exhibit it is recited: ''The People of the State of Michigan v. Harley Robinson, Respondent. Harley Robinson, the respondent in this cause, having pleaded guilty to the court, to larceny, was brought before the court for sentence, and the sentence of the court is, that he be confined in the Michigan State Reformatory for a maximum period of two years and a minimum of one year. The court refers to Section 361 of Chapter 52 of Act 325 of the Public Acts

of 1931 of this state as the provision of law under which sentence is imposed.'' An examination of the Michigan statute to which reference was made discloses that the charge to which appellant pleaded guilty in Michigan was denominated a misdemeanor and not a felony. It is necessary for the prosecution not only to charge the facts of the previous conviction but also to prove them. (*People* v. *King,* 64 Cal. 338 [30 Pac. 1028].) The record contains no proof that the offense committed in Michigan would constitute a felony if it had been committed in California. There is no proof that the value of the property taken in Michigan was in excess of $200 nor is there any proof of any facts which would bring the Michigan offense within the definition of grand theft as set forth in section 487 of the Penal Code of California.

The judgments are reversed and the superior court is directed to pronounce new judgments not inconsistent with the views herein expressed.

Crail, P. J., and McComb, J., concurred.