[Crim. No. 3130.   Second Appellate District, Division Two.—September 8, 1938.]

THE PEOPLE, Respondent, v. FRANKLIN H. LOHR, Appellant.

Frederic H. Vercoe, Public Defender, and William B. Neeley, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

WOOD, J.—The defendant entered a plea of guilty to the charge of forgery. The information contained two separate charges of former convictions of felonies in the following language: "That before the commission of the offense hereinabove set forth in this information, said defendant, Franklin H. Lorh (under the name of Frank Henry Lohr), was, in the District Court of the United States, in and for the Southern District, Central Division, of the State of California, convicted of the crime of Dyer Act, a felony, and the judgment of said Court against said defendant, in said connection, was, on or about the 12th day of March, 1932, pronounced and rendered, and said defendant served a term of imprisonment therefor in the Federal Prison. That before the commission of the offense hereinabove set forth in this information, said defendant, Franklin H. Lohr (under the name of Frank H. Lohr), was, in the District Court of the United States, in and for the State of Texas, convicted of the crime of Dyer Act, a felony, and the judgment of said Court against said defendant, in said connection, was, on or about the 6th day of August, 1933, pronounced and rendered, and said defendant served a term of imprisonment therefor in the Federal Prison."

The defendant admitted the convictions on the charges of prior convictions of the felonies mentioned in the information. The trial court thereupon adjudged defendant to be an habitual criminal and directed that he be punished by imprisonment in the state prison at Folsom for the term prescribed by law.

The defendant now contends that the convictions which he admitted were not convictions of such felonies as must be established to justify the trial court in adjudging him an habitual criminal in accordance with section 644 of the Penal Code, which provides in part as follows: "Every person convicted in this state of any felony who shall have been pre-

viously twice convicted upon charges separately brought and tried, and who shall have served separate terms therefor in any state prison and/or federal penitentiary, either in this state or elsewhere, of the crime of robbery, burglary, burglary with explosives, rape with force or violence, arson, murder, assault with intent to commit murder, grand theft, bribery of a public official, perjury, subornation of perjury, train wrecking, feloniously receiving stolen goods, felonious assault with a deadly weapon, extortion, kidnaping, mayhem, escape from a state prison, forgery, conspiracy to commit any one or more of the aforementioned felonies, shall be adjudged an habitual criminal and shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole until he shall have served a minimum of at least twelve years.''

In order to adjudge a defendant an habitual criminal the test is not whether he shall have been twice convicted of any felonies, but whether he shall have been twice convicted of felonies enumerated in section 644 of the Penal Code. The Dyer Act referred to in the information, more accurately called the National Motor Vehicle Theft Act, contains the following: ''Whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen, shall be punished by a fine of not more than $5000, or by imprisonment of not more than five years, or both.'' Other provisions are contained in the act, a violation of which, it might be argued, would constitute the crime of grand larceny. The charge in the information does not designate the section of the Dyer Act upon which defendant was convicted and the record furnishes us no assistance in this regard. We must therefore assume that defendant was convicted of the violation of that portion of the Dyer Act which has just been quoted.

In order to justify the court's action in adjudging the defendant to be an habitual criminal it must be held that the violation of the section of the Dyer Act above quoted constituted the crime of grand theft or the crime of feloniously receiving stolen goods. We cannot reconcile the definition of either of these felonies with the language contained in the said section of the Dyer Act. The offense mentioned in the section of the Dyer Act above referred to consists in the trans-

portation in interstate commerce of a motor vehicle with knowledge that the vehicle was stolen. Such conduct is substantially the same as the offense denounced in section 146 of the California Vehicle Act. This section is now section 503 of the Vehicle Code and is as follows: "Any person who drives or takes a vehicle not his own, without the consent of the owner thereof and in the absence of the owner, and with intent to either permanently or temporarily deprive the owner thereof of his title to or possession of such vehicle, whether with or without intent to steal the same, is guilty of a felony, . . . " This offense is not one of those enumerated in section 644 of the Penal Code, the prior convictions of which authorize the court to adjudge a defendant an habitual criminal. It was necessary for the prosecution to charge and prove that the prior convictions were among those set forth in section 644 in order to adjudge the defendant an habitual criminal. This it did not do. (*People* v. *Morrison,* 26 Cal. App. (2d) 616 [80 Pac. (2d) 94]; *People* v. *Carrow,* 207 Cal. 366 [278 Pac. 857]; *People* v. *King,* 64 Cal. 338 [30 Pac. 1028].)

The respondent relies upon *People* v. *Fitzwater,* 5 Cal. App. (2d) 187 [42 Pac. (2d) 1044]. It will be noted that in the Fitzwater case, *supra,* the only issue before the court involved the question whether the defendant had been previously convicted of any felony. Section 644 of the Penal Code was in no way involved or referred to. The Fitzwater decision supports the contention of appellant, for the court in that case said that it was "satisfied that the National Motor Vehicle Theft Act and section 146 of the California Vehicle Act denounce the same general conduct or acts and that each defines such conduct and acts as a felony".

The judgment is reversed and the superior court directed to pronounce a new judgment not inconsistent with the views herein expressed.

Crail, P. J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 7, 1938.