[Crim. No. 2051.   Third Dist.   Apr. 30, 1948.]

In re HAROLD LAMEY, on Habeas Corpus.

Thos. J. Macbride for Petitioner.

Fred N. Howser, Attorney General, and Doris Maier, Deputy Attorney General, for Respondent.

ADAMS, P. Petitioner, in 1932, was charged in an information filed in Los Angeles County with two counts of robbery, and with two prior convictions for which he had served prison terms. He was convicted on the two robbery counts and admitted the two priors. The judgment which followed decreed that defendant be imprisoned for the term of his natural life, but did not adjudge him to be an habitual criminal; but it is conceded that he is being held as an habit-

ual criminal, an adjudication to that effect not being essential. (*People* v. *Vaile*, 2 Cal.2d 441 [42 P.2d 321] ; *In re Basuino*, 22 Cal.2d 247 [138 P.2d 297].)

He now claims that one of the alleged priors is not, and was not at the time of his conviction, one of the crimes enumerated in section 644 of the Penal Code, and that therefore to hold him as an habitual criminal is improper.

The allegation regarding the prior under attack, as set forth in the information upon which petitioner was prosecuted for robbery, was that he had been "convicted of the crime of Forgery, a felony," in California in 1918. But the information upon which said prior conviction was premised charged him and one Yake with the crime of "making, uttering, publishing and passing a fictitious check," committed as follows: "That the said D. H. Yake and Harold Lamey on or about the 24th day of December 1917, at, and in the County of Los Angeles, State of California, with intent then and there to cheat and defraud Sam Seelig Grocery Company, a corporation, and The Merchants National Bank of Los Angeles, a corporation, did then and there wilfully, unlawfully, fraudulently, falsely and feloniously make, utter, publish and pass a certain fictitious check and order in writing for the payment of money, the same then and there purporting upon its face to be signed by a certain person and individual named and called J. C. Moore, which said check and order in writing for the payment of money was and is in the words and figures as follows, to-wit:

" 'THE MERCHANTS NATIONAL BANK        16-5
OF LOS ANGELES

Los Angeles, Cal.    Dec 24 1917

Pay to Mr. H. R. Davis ............ or bearer ................ $12.60

Twelve - Sixty .......................................................................... Dollars

J. C. Moore'

"And which said check and writing for the payment of money was and is endorsed on the back thereof as follows, to-wit: 'O.K.    J.C.Moore, H. R. Davis, 1357 W 58 Place.'

"And the said D. H. Yake and Harold Lamey then and there having the said check and order in writing for the payment of money, as aforesaid, in their possession, did then and there wilfully, unlawfully, fraudulently and feloniously utter, publish and pass the same as true and genuine, with intent then and there to cheat, injure and defraud Sam Seelig Grocery Company, a corporation, as aforesaid, and The

Merchants National Bank of Los Angeles, a corporation, as aforesaid, the said check and order in writing for the payment of money, as aforesaid, being then and there false, fraudulent and fictitious to the then knowledge of the said D. H. Yake and Harold Lamey, and there was not then and there or at all any such person or individual in existence as J. C. Moore, to the then knowledge of the said D. H. Yake and Harold Lamey.''

When petitioner committed the robberies in 1932, section 644, *supra*, enumerated "forgery" as one of the priors to be considered in determining habitual criminality. Therefore, if conviction of said prior is to be deemed conviction for forgery, petitioner's status is that of an habitual criminal. However, his contention here is that he was not charged with "forgery."

In 1918, at the time of his said former conviction, section 470 of the Penal Code, which had been amended in 1905, provided and now provides as follows:

''[*Forgery of conveyances, negotiable instruments, stock certificates, wills, and other instruments: Utterance of forged instrument with knowledge of falsity and intent to defraud: Falsification of records.*] Every person who, with intent to defraud, signs the name of another person, or of a fictitious person, knowing that he has no authority so to do, to, or falsely makes, alters, forges, or counterfeits, any . . . check, . . . or counterfeits or forges the seal or handwriting of another; or utters, publishes, passes, or attempts to pass, as true and genuine, any of the above-named false, altered, forged, or counterfeited matters, as above specified and described, knowing the same to be false, altered, forged, or counterfeited, with intent to prejudice, damage, or defraud any person . . . is guilty of forgery.''

Also, during all of said times section 476 of said Penal Code provided, and still provides:

''[*Making or uttering, or possessing with intent to utter, fictitious bill, note or check: Punishment.*] Every person who makes, passes, utters, or publishes, with intention to defraud any other person, or who, with the like intention, attempts to pass, utter, or publish, or who has in his possession, with like intent to utter, pass, or publish any fictitious bill, note, or check, purporting to be the bill, note, or check, or other instrument in writing for the payment of money or property of some bank, corporation, copartnership, or individual, when, in fact, there is no such bank, corporation, copartnership, or

individual in existence, knowing the bill, note, check, or instrument in writing to be fictitious, is punishable by imprisonment in the county jail for not more than one year, or in the State prison for not more than fourteen years.''

Petitioner's contention is that he was charged with and convicted of a violation of the latter section rather than of the former, and, therefore, was not convicted of forgery; and that the crime defined in said section 476 was not and is not one of those enumerated in section 644, *supra*. The latter contention is sustained by *In re Rosencrantz*, 211 Cal. 749, 751 [297 P. 15], which holds that the crime of issuing checks with intent to defraud is not one of those enumerated in section 644 of the Penal Code upon which a finding of habitual criminality can be based.

The allegations of the information charging the prior indicate that it was based upon section 476 rather than section 470. It does not allege that a violation of section 470 is being charged, nor recite that defendant had committed forgery, or that he had signed anything. Its allegations follow the language of said section 476. Also the minutes of the court of February 15, 1918, when defendant was sentenced on said prior, show that the charge against defendant was designated by the court as ''passing a fictitious check.''

While these two code sections duplicate one another in some respects, the gist of the offense defined in section 470, *supra*, as the title to the section states and the language of same indicates, seems to be the ''signing'' or ''forging'' of the instrument, though the section also includes the uttering, publishing or passing of a false, altered, forged or counterfeited instrument. The gist of section 476, on the other hand, seems to be the passing, uttering or publishing of a fictitious instrument. In *People* v. *Harben*, 5 Cal.App. 29, 35 [91 P. 398], defendant was charged with passing a fictitious bank note, the information apparently following the language of section 476. The court there said: ''The amendment of section 470 of the Penal Code in 1905 did not affect section 476, and section 470 has no application here. That amendment applies only to the 'signing of the name of a fictitious person' with the intent to defraud, while the crime here charged is the passing of a fictitious bank note of a bank having no existence.'' Also see *People* v. *Carmona*, 80 Cal.App. 159, 164 [251 P. 315].

In the case before us the defendant was not charged with forging or signing the name of any person to the check;

and while the allegations of the information include a charge that defendant did "make" the fictitious check, and while section 470 includes the uttering, publishing or passing of a false, altered, forged or counterfeited instrument with intent to defraud, it has been held in numerous instances that when prior offenses are relied upon as rendering a party an habitual criminal, the assumption must be indulged that he was convicted of the least degree of offense enumerated in the statutes. This principle was applied in *People* v. *Lohr,* 28 Cal.App.2d 397, 399-400 [82 P.2d 615], *People* v. *McChesney,* 39 Cal.App.2d 36, 41 [102 P.2d 455], and *In re McVickers,* 29 Cal.2d 264, 278 [176 P.2d 40]. In the latter case the court said regarding this rule:

"The conclusion above announced is in full accord with the decision of the District Court of Appeal (hearing in this court denied) in *People* v. *Lohr* (1938), *supra,* 28 Cal.App.2d 397, 399, 400, wherein it was expressly held that 'It was necessary for the prosecution to *charge and prove* that the prior convictions were among those set forth in section 644 in order to adjudge the defendant an habitual criminal' (italics added) and that where the 'charge in the information does not designate the section of the . . . Act upon which defendant was convicted and the record furnishes . . . no assistance in this regard' the reviewing (as well as the trial) court 'must therefore assume' that defendant suffered the prior conviction *for the least offense punishable under the statute.* To the same effect is *People* v. *Morrison* (1938), 26 Cal.App.2d 616 [80 P. 2d 94]. The proposition declared is eminently correct. It is in accord with the often stated principle that 'the defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute.' (*People* v. *Ralph* (1944), 24 Cal.2d 575, 581 [150 P.2d 401], and cases there cited.)''

While it might be urged that the crime defined by section 476 is not a lesser offense than that defined in section 470, the Legislature has apparently considered the latter as a lesser offense, else it would have included it within section 644; and if the mere passing of a fictitious check is forgery in violation of section 470, then no reason appears why section 476 should have been retained since its codification in 1872, nor why the title to said sections should have differed as they do. The legislative history of the two sections dating

back to 1850, indicates that the Legislature intended that they should define different offenses. ■ We therefore conclude that the principle set forth in the McVickers case and *People* v. *Lohr,* that it was necessary for the prosecution to charge and prove that the prior conviction was among those set forth in section 644, in order to adjudge a defendant an habitual criminal, applies in the instant case.

■ We therefore hold that petitioner is entitled to be dealt with, not as an habitual criminal but as one who has been convicted of but one of the felonies enumerated in section 644 of the Penal Code. ■ But as it does not appear in the record before us that he is eligible for discharge from imprisonment for the two robberies of which he stands convicted, the writ of habeas corpus heretofore issued is discharged, and the prisoner is remanded.

Thompson, J., and Peek, J., concurred.