[Crim. No. 4893.   Second Dist., Div. Three.   Dec. 31, 1952.]

In re WILLIAM H. MARTIN, on Habeas Corpus.

Richard E. Erwin for Petitioner.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

ŞHINN, P. J.—William H. Martin, in propria persona, petitioned for a writ of habeas corpus, which was issued. Richard E. Erwin, Esq., member of the Lost Angeles County Bar Association Committee on Criminal Appeals, was appointed by the court to represent the petitioner. Upon order of the court under rule 60, Rules on Appeal, the files in *People* v. *Martin,* No. 35323 in the Superior Court of the County of Riverside were transmitted to this court. They disclose the following facts.

By amended information filed May 13, 1942, Martin was accused in separate counts of three offenses of issuing fictitious checks of $20 each in violation of section 476 of the Penal Code. It was alleged in the information that Martin, under the name of Bill Cross, was previously, in the District Court of the State of Texas, in and for the County of El Paso, convicted of the crime of "conspiracy to commit theft from the person, a felony" and that under the name of William H. Cross, in the District Court of the State of Texas in and for the County of Harris, he had been convicted of the crime of "theft, a felony"; that judgments on each said conviction had been rendered and that under each judgment Martin had served a term of imprisonment in the state prison. Martin pleaded guilty to the three offenses charged and he admitted the former convictions and terms of imprisonment alleged in the information. He was adjudged by the court to be an habitual criminal. He was sentenced to state prison for the term prescribed by law on each of the three counts, the sentence on count two to run concurrently with that on count one, and the sentence on count three to run consecutively with the concurrent sentences on counts one and two, and it was further ordered that he be punished by imprisonment for life.

The question before us is whether his status as an habitual criminal was lawfully established and adjudged. In order to aid the court in this inquiry, the attorney general has caused to be procured and there have been filed authenticated copies of the indictments of Martin, under the name of Cross, in the State of Texas, under which he suffered the convictions alleged in the information. These show that Martin was indicted for and pleaded guilty to "theft, a felony." The indictment did not state nor does the record show the value of the property that was stolen. He was also indicted, tried and convicted of "conspiracy to commit theft from the person" and was sentenced to state prison upon each charge.

The California statute in effect at the time of petitioner's conviction concerning habitual criminals was section 644 of the Penal Code, as it was amended by the Statutes of 1941; subsection (a) read as set out below.[1]

At the time of defendant's conviction in Riverside County, section 668 of the Penal Code read as set out below.[2]

It was said in *People* v. *Lohr*, 28 Cal.App.2d 397, 400 [82 P.2d 615] : "It was necessary for the prosecution to charge and prove that the prior convictions were among those set forth in section 644 in order to adjudge the defendant an habitual criminal. . . . (*People* v. *Morrison*, 26 Cal.App.2d 616 [80 P.2d 94] ; *People* v. *Carrow*, 207 Cal. 366 [278 P. 857] ; *People* v. *King*, 64 Cal. 338 [30 P. 1028].)" *In re Mc-Vickers*, 29 Cal.2d 264, 267 [176 P.2d 40], states: "It is also settled that the crimes enumerated in section 644 must be understood to be crimes *as defined in the laws of California* and, if committed elsewhere, regardless of the names by which they may be designated, *must in their substance come within California's definitions of the enumerated crimes.* [Citing cases.]"

In California there are two degrees of theft, grand theft and petty theft. The theft of property of the value exceeding $200 or from the person is grand theft (Pen. Code, § 487) ; other thefts are petty theft (Pen. Code, § 488) ; the former is punishable as a felony (Pen. Code, § 489), the latter as a misdemeanor (Pen. Code, § 490). In *In re Lamey*, 85 Cal. App.2d 284, 289 [193 P.2d 66], the court said: ". . . it has been held in numerous instances that when prior offenses are relied upon as rendering a party an habitual criminal, the

[1] "Every person convicted in this State of any felony who shall have been previously twice convicted upon charges separately brought and tried, and who shall have served separate terms therefor in any State prison and/or Federal penitentiary, either in this State or elsewhere, of the crime of robbery, burglary, burglary with explosives, rape with force or violence, arson, murder, assault with intent to commit murder, grand theft, bribery of a public official, perjury, subornation of perjury, train wrecking, feloniously receiving stolen goods, felonious assault with a deadly weapon, extortion, kidnaping, mayhem, escape from a State prison, conspiracy to commit any one or more of the aforementioned felonies, shall be adjudged an habitual criminal and shall be punished by imprisonment in the State prison for life."

[2] "Every person who has been convicted in any other state, government, or country, of an offense which, if committed within this state, would be punishable by the laws of this state by imprisonment in the state prison, is punishable for any subsequent crime committed within this state in the manner prescribed in sections 644, 666 and 667, and to the same extent as if such prior conviction had taken place in a court of this state."

assumption must be indulged that he was convicted of the least degree of offense enumerated in the statutes.''

■ Under articles 1437 and 1438 of the Texas Penal Code theft from the person is a felony, regardless of the amount of money or property taken. In California any theft from the person is grand theft, a felony. Conspiracy to commit grand theft is a felony (Pen. Code, § 182). The first charge of a prior conviction was of an offense which, if committed in California, would have been punishable as a felony. This is not true of the prior conviction of theft. In Texas the theft of money or other property of the value of $50 or more is a felony punishable by imprisonment in state prison of from two to ten years (art. 1421). Theft of money or property of a value less than $50 is a misdemeanor punishable by imprisonment in a county jail for not more than two years (art. 1422). There was no evidence before the California court that defendant had been convicted of theft which would have constituted grand theft if committed in this state. Under the doctrine of *In re Lamey, supra,* with which we are in complete agreement, it must be presumed that the value of the property in the Texas conviction was less than $200 and not from the person. (*See Nichols* v. *State,* 28 Tex.App. 105 [12 S.W. 500].) There was a deficiency of evidence before the trial court to prove defendant to be an habitual criminal.

■ *In re Seeley,* 29 Cal.2d 294, stated at page 298 [176 P.2d 24] : ''The respondent fails to cite a case, and we have discovered none, in which the court has refused to examine into the petitioner's claim that the trial court exceeded its power by imposing an excessive sentence, when that claim was presented in a habeas corpus proceeding. Courts have inquired into the merits of such a claim in habeas corpus even when the question might have been determined on an appeal from the judgment of conviction. [Citing cases.]''

No ground has been established for defendant's release from custody at this time. However, he is entitled to be considered and treated by the authorities as one who had been convicted of one but not two felonies prior to the commission of the three offenses in California. (*In re McVickers, supra,* 29 Cal.2d 264, 281.)

The writ is discharged and the petitioner is remanded.

Wood (Parker), J., and Vallée, J., concurred.