[Crim. No. 7665. First Dist., Div. One. Dec. 16, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
NORA CHEFFEN, JR., Defendant and Appellant.

## Counsel

W. Keith Woodmansee, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Lawrence R. Mansir, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**MOLINARI, P. J.**—This is an appeal from a judgment of conviction following a jury verdict finding defendant guilty of two counts of robbery in the first degree, two counts of kidnaping for the purpose of robbery and one count of burglary, and finding him armed at the time of the commission of these offenses. Defendant was sentenced to the state prison for life, with possibility of parole, on each of the kidnaping counts, to run concurrently with each other. No sentence was imposed with respect to the remaining felonies. The sole contention raised by defendant is that there was insufficient asportation of the robbery victims to constitute kidnaping for the purpose of robbery under Penal Code section 209.

In the recent case of *People* v. *Daniels,* 71 Cal.2d 1119, 1139 [80 Cal.Rptr. 897, 459 P.2d 225], the Supreme Court held that movements of a victim that are merely incidental to the commission of a robbery and do not substantially increase the risk of harm over and above that necessarily present in the crime of robbery do not constitute kidnaping. In that case brief movements which the defendants compelled their victims to perform inside the premises in which the defendants found them, and in furtherance of the robberies, were held not to constitute kidnaping upon the rationale that such movements were merely incidental to the crime of robbery and did not substantially increase the risk of harm otherwise present. (P. 1139.)

The fact pattern in *Daniels* is remarkably similar to that of the instant case. Accordingly, we conclude that the rule of *Daniels* is applicable here under the facts we set out below.

On the evening of August 5, 1968, Mr. and Mrs. J. Robert Young were in their home in Dixon. Defendant and another man obtained entry into the home through a ruse. Defendant aimed a shotgun at Mr. and Mrs. Young. Mrs. Young asked defendant if it was a holdup and he replied, "Yes," at which time defendant's companion pulled out two pistols. The companion then demanded to know where the Youngs had their wall safe. When they told him that they did not have a wall safe, the companion said that if they did not show it to him they would both be dead. Mrs. Young told them she had about 10 dollars in her wallet and offered that to them. Learning that her wallet was in the master bedroom, defendant and his companion ordered the Youngs at gunpoint to go to the bedroom.

Defendant and his companion forced Mr. Young to lie face down on the bed and told him they would shoot him if he moved. While defendant pointed his shotgun at the Youngs, his companion searched the bedroom. After searching the bedroom the companion went to other parts of the house while defendant detained the Youngs in the bedroom at gunpoint. A short time later the companion returned and stated to the Youngs, "I'll give you 15 seconds to find me something to tie you up with." Using neckties belonging to Mr. Young, defendant and his companion then tied up Mr. and Mrs. Young. The companion then stated to the Youngs, "Well, don't either of you stick your heads out or you're dead." Mrs. Young managed to get herself free, released her husband, and called the police.

In the trial below we observed that the jury returned a guilty verdict as to each of the five counts charged. However, the trial judge pronounced judgment and sentence was imposed on defendant only for the two counts of kidnaping. As to the remaining three counts, two of robbery and one of burglary, defendant was not informed of the disposition of these counts or the punishment imposed therefor. (See Pen. Code, § 1191.) ■ Upon conviction it is the duty of the court to pass sentence on the defendant and impose the punishment prescribed. (Pen. Code, § 12; *In re Sandel,* 64 Cal.2d 412, 415 [50 Cal.Rptr. 462, 412 P.2d 806]; *People* v. *Morrow,* 275 Cal.App.2d 507, 514 [80 Cal.Rptr. 75]; see *People* v. *Rodriguez,* 222 Cal.App.2d 221, 226 [34 Cal.Rptr. 907].) Pursuant to this duty the court must either sentence the defendant or grant probation in a lawful manner; it has no other discretion. (*People* v. *Superior Court,* 202 Cal.App.2d 850, 855 [21 Cal.Rptr. 178]; *People* v. *Morrow, supra;* see *Stephens* v. *Toomey,* 51 Cal.2d 864 [338 P.2d 182].) ■ Where

sentence is imposed upon multiple convictions the trial court, in order to avoid the double punishment forbidden by Penal Code section 654, may stay execution of the less severely punishable offense, pending an appeal or during service of any term fixed by the Adult Authority for the more severely punishable offense, the stay to become permanant at the completion of service of any sentence for the more severely punished offense. (*In re Wright*, 65 Cal.2d 650, 655-656 [56 Cal.Rptr. 110, 422 P.2d 998]; *People* v. *Niles*, 227 Cal.App.2d 749, 755-756 [39 Cal.Rptr. 11]; *People* v. *Kagan*, 264 Cal.App.2d 648, 666 [70 Cal.Rptr. 732] [cert. den. 394 U.S. 911 [22 L.Ed.2d 224, 89 S.Ct. 1027]].)

■ Accordingly, in the present case it was the duty of the trial judge to pronounce judgment on the robbery and burglary counts. Since we are obliged to reverse the judgment with respect to the kidnaping counts, the resulting posture of the case is that no judgment has been pronounced with respect to the counts on which a conviction was validly obtained. We do have the power, however, to remand the case under the circumstances for the purpose of the pronouncement of a judgment in accordance with the verdict of the jury on the valid convictions. (See *In re Lee*, 177 Cal. 690, 696 [171 P. 958]; *People* v. *Kelley*, 208 Cal. 387, 392 [281 P. 609]; *People* v. *d'A Philippo*, 140 Cal.App. 236, 239 [35 P.2d 134]; *People* v. *Fuentes*, 74 Cal.App.2d 737, 742 [169 P.2d 391]; *People* v. *Scott*, 39 Cal.App. 128, 130 [178 P. 298].)[1]

■ We are not unmindful of the provisions of Penal Code section 1202 providing that, unless judgment is rendered or pronounced within the time fixed or to which it is continued under Penal Code section 1191, the defendant is entitled to a new trial. Section 1202 has no application in a case in which a sentence *has* been imposed, even though that sentence is a void sentence. (*In re Lee, supra*, 177 Cal. 690, 696-697; *People* v. *Scott, supra*, 39 Cal.App. 128, 130.) ■ Moreover, we observe that if section 1191 is applicable the failure to pronounce judgment within the time limited by that section is not jurisdictional. (*People* v. *Williams*, 24 Cal.2d 848, 850 [151 P.2d 244]; *People* v. *Plaehn*, 237 Cal.App.2d 398, 400 [46 Cal.Rptr. 872]; *People* v. *Mitman*, 122 Cal.App.2d 490, 497 [265 P.2d 105].) The error, in failing to comply with the time limits of section 1191, is procedural and does not require a new trial or reversal unless the delay results in a miscarriage of justice. (Cal. Const., art. VI, § 13; *People* v. *Williams, supra; People* v. *French*, 12 Cal.2d 720, 773-774 [87 P.2d 1014]; *People* v. *Plaehn, supra.*) ■ In the present case defendant was found guilty of robbery and burglary. The trial court,

---

[1] In *People* v. *Superior Court, supra*, 202 Cal.App.2d 850, 855, it was held that where there is a plea or verdict of guilty, mandate lies to compel the superior court to pronounce judgment on the defendant where the trial court fails or refuses to do so.

therefore, would have been justified in sentencing defendant to imprisonment in the state prison for the term prescribed by law for first degree robbery, to wit, for not less than five years. (Pen. Code, § 211.) The record discloses that execution of the sentence for kidnaping did not commence until after November 4, 1968. Accordingly, defendant has not been incarcerated for the minimum time under which he could have been imprisoned under a sentence for first degree robbery. We also note that the court below considered the matter of probation prior to pronouncement of judgment on the kidnaping counts and that it refused to grant probation. Moreover, the trial judge was apparently under the impression that since he had pronounced judgment on the kidnaping verdicts which carried the more severe penalty, to wit, life imprisonment with possibility of parole (Pen. Code, § 209), it was not necessary for him to impose sentence on the remaining crimes for which defendant had been found guilty. It is also apparent that if the kidnaping sentences were valid the trial judge, under the facts of the case, would have been obliged to stay the sentences for the robbery and burglary verdicts in order to obviate the multiple punishment proscription of Penal Code section 654. Under the decisions then interpreting Penal Code section 209 the trial judge was justified in imposing sentence for violation of that section. It is only because of the new interpretation placed by *Daniels* on the aspect of asportation previously declared in *People* v. *Wein* (1958) 50 Cal.2d 383 [326 P.2d 457], that the remand in the present case is made necessary. We conclude, therefore, that no prejudice appears and that no miscarriage of justice has occurred.

The judgment on the kidnaping counts (counts III and IV of the information) is reversed. It is ordered that the Director of Corrections deliver defendant to the Sheriff of the County of Solano, to whose custody he is remanded, for judgment by the superior court upon the conviction for robbery (counts I and II of the information) and burglary (count V of the information).

Sims, J., and Elkington, J., concurred.