Filed 8/22/23  P. v. Deloge CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C097053 |
| Plaintiff and Respondent, | |
| | (Super. Ct. Nos. MCYK-CRBF-2015-1148 & MCYK-CRBF-2015-1344) |
| v. | |
| JOSEPH KYLE DELOGE, | |
| Defendant and Appellant. | |

Defendant Joseph Kyle Deloge was convicted of several counts involving domestic violence, false imprisonment, assault, and criminal threats against the mother of his three children and her friend.  In his appeal from those convictions, we remanded for resentencing in light of then newly enacted Senate Bill No. 1393 (2017-2018 Reg. Sess.) to allow the trial court to exercise its discretion to strike a prior serious felony conviction, and directed the court to comply with the new sentencing provisions of Senate Bill No.

1

567 (2021-2022 Reg. Sess.).[1] (*People v. Deloge* (Feb. 24, 2022, C088603) [nonpub. opn.].)

Defendant now appeals from the resentencing. Defendant claims the trial court abused its discretion in not striking the prior serious felony conviction under the amendments to Penal Code section 1385[2] made by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill 81) as: (1) the enhancement resulted in a sentence over 20 years (§ 1385, subd. (c)(2)(C)); (2) the court failed to engage in analysis of the applicable mitigating factors; and (3) the court's conclusion that the dismissal was likely to endanger public safety was irrational. The People respond, claiming defendant's first two claims are forfeited and the trial court did not abuse its discretion. We agree.

Defendant also argues that the judgment must be modified as the trial court misadvised him of the parole term. The People agree. However, because the trial court merely *advised* defendant of the parole term, and it was not part of the judgment, we conclude that the judgment need not be modified.

The People also claim the trial court failed to impose sentence on one count and that we should order a limited remand for sentencing on that count alone. We conclude the failure to pronounce sentence on one count constituted an unauthorized sentence. We will vacate the sentence and remand the matter for resentencing. In all other respects, we affirm the judgment.

## BACKGROUND

Defendant and D.A.C. had three children in the course of their 13-year, on-again, off-again relationship. Beginning in 2007, defendant became physically abusive toward D.A.C., committing more than 20 acts of violence against her and threatening to kill her

---

[1]     We treated defendant's request for judicial notice of the record in his prior appeal as a motion to incorporate the record by reference, and as such granted that motion.

[2]     Undesignated statutory references are to the Penal Code.

at least 10 times. Over the course of three days in August 2015, defendant committed a series of offenses against D.A.C. and Norman P.

On August 18, 2015, Norman was driving, with D.A.C. and her children as passengers in his vehicle. Defendant tried to reach in and grab the keys, told Norman to stay away from D.A.C., and threatened to burn Norman's home and kill him. Approximately one hour later, defendant arrived at Norman's home, beat on the door, "cussing, yelling and pacing back and forth," and again threatened to kill him.

Two days later, defendant went to D.A.C.'s apartment while D.A.C. and the children were there. D.A.C. refused to let him in, so he entered through a bedroom window. D.A.C. and her daughter were in the bedroom. D.A.C. and defendant argued, and defendant prevented D.A.C. from leaving the room. Later, in the living room, while holding a handgun, defendant punched and kicked D.A.C., pointed the gun at D.A.C., and pretended to shoot at her. Still later, defendant physically prevented D.A.C. from leaving with the children.

The next day, worried about further violence by defendant, D.A.C. took her children to stay elsewhere. That evening, defendant came to the apartment. They argued extensively, and defendant punched her a couple of times and knocked the wind out of her. She tried to leave, but he prevented her from doing so. Defendant repeatedly grabbed D.A.C., threatened to rip her earring out, and burned her leg with a cigarette. Defendant also dragged her down the hall by her hair and held her down to have sex with her. He bit her on the cheek, held her down with his knees on her arms, choked her, and smothered her with a pillow. When she tried to get up, he hit her, again knocking the wind out of her. The abuse continued throughout the night, until the next day when someone banged on the apartment door. D.A.C. was bleeding from her nose and lip. Defendant threw a towel at her and told her to wipe her face. He also told her if she called the police, he would kill her, the police, and himself. D.A.C. escaped to a

neighbor's house and the neighbor called 911. Shortly thereafter, police officers captured defendant trying to escape out the back of the apartment.

"In the prosecution resulting from these facts (Siskiyou County Superior Court, case No. [MCYK-CRBF-2015-1148 (hereafter, 15-1148)]), a jury convicted defendant of two counts of domestic violence (§ 273.5, subd. (a) -- counts 1 & 9), three counts of criminal threats (§ 422, subd. (a) -- counts 2, 10, & 11), two counts of false imprisonment by violence or menace (§ 237, subd. (a) -- counts 3 & 6), two counts of assault with force likely to produce great bodily injury (§ 245, subd. (a)(4) -- counts 4 & 8), one count of intimidating a witness (§ 136.1 -- count 5), one count of assault with a deadly weapon (§ 245, subd. (a)(1) -- count 7), two counts of child abuse (§ 273a, subd. (b) -- counts 12 & 13), and one count of resisting arrest (§ 148, subd. (a) -- count 14).

"In a separate, companion case (Siskiyou County Superior Court case No. [MCYK-CRBF-2015-1344 (hereafter, 15-1344)]), defendant pleaded guilty to two counts of unlawful taking of a vehicle (Veh. Code, § 10851), one count of identity theft (§ 530.5, subd. (a)), and eight misdemeanors.

"The trial court sentenced defendant on both cases together, imposing a total of 45 years eight months." The sentence included two one-year prior prison term enhancements imposed under section 667.5, subdivision (b), and a five-year term for a prior strike conviction under section 667.5, subdivision (a).

On appeal, we reversed one of the criminal threats convictions (count 2), struck two one-year terms imposed under section 667.5, subdivision (b), vacated the sentence and remanded to the trial court to exercise its discretion under section 667, subdivision (a)(1), and for resentencing consistent with the amended provisions of section 1170, subdivision (b).

At resentencing, the trial court indicated it had read and considered the probation report. The record showed defendant's criminal record dates back to 1993 and continues consistently, with breaks for periods of incarceration, through 2015. He has six prior

4

felony convictions, including assault on a peace officer with a firearm,[3] multiple convictions for possessing an illegal weapon, and possession of methamphetamine. Defendant's parole was revoked three times and he violated probation twice.

Defendant requested the trial court exercise its discretion to dismiss the prior serious felony enhancement based on the factors in the newly amended section 1385. Specifically, defendant argued multiple enhancements had been alleged and the offense underlying the serious felony enhancement was also being used as a prior strike to enhance his sentence (§ 1385, subd. (c)(2)(B)); the current offense was not a violent felony (§ 1385, subd. (c)(2)(F)); and the prior serious felony enhancement was based on a prior conviction over five years old. (§ 1385, subd. (c)(2)(H).) The People argued the court was not required to give those factors great weight because of the public safety exception of section 1385, subdivision (c)(2), and given defendant's violent behavior and criminal history, the court could "easily make the finding." The People also argued irrespective of affording those factors great weight, the court could exercise its discretion to apply the prior serious felony enhancement. The trial court acknowledged it had discretion to strike the prior serious felony enhancement but declined to do so "given the totality of the all the circumstances, [defendant's] prior criminality and protection of the public." The trial court sentenced defendant to an aggregate term of 30 years four months. In case No. 15-1148, the sentence included terms on the two vehicle theft convictions, but not on the identity theft conviction. The trial court also sentenced defendant on the misdemeanors in case No. 15-1148 to 180 days in county jail, to be served concurrent with the prison sentence. The trial court advised defendant that after his incarceration, he would be subject to either a term of three years of postrelease community supervision or parole.

---

**3**     This was the charged strike.

DISCUSSION

I

Defendant contends the trial court abused its discretion in failing to strike the prior serious felony enhancement. He argues that the amendments to section 1385, as enacted by Senate Bill 81,[4] require the court to dismiss the enhancement if it is in the furtherance of justice to do so, and if the enhancement could result in a sentence of over 20 years (§ 1385, subd. (c)(2)(C)); the current offense is not a violent felony (§ 1385, subd. (c)(2)(F)); or the prior conviction underlying the enhancement is over five years old. (§ 1385, subd. (c)(2)(H).) Although not a model of clarity, we read defendant's argument to be that the trial court abused its discretion by failing to analyze the applicable mitigating factors, and in concluding there was a likelihood the dismissal would endanger public safety. The People claim defendant forfeited his claim as to section 1385, subdivision (c)(2)(C), and the trial court did not abuse its discretion. We agree with the People.

Amended section 1385 specifies "factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.) Section 1385, subdivision (c) now provides in relevant part: "(c)(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in

---

[4] The amendments at issue were enacted in 2021, effective January 1, 2022, and added subdivision (c) to section 1385. (Sen. Bill No. 81; Stats. 2021, ch. 721, § 1.) Further amendments to the statute, enacted in 2022, do not affect the substance of the provisions at issue in this case. (Stats. 2022, ch. 58, § 15.)

subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." Among the enumerated circumstances in section 1385, subdivision (c) are: (1) the enhancement could result in a sentence of over 20 years (§ 1385, subd. (c)(2)(C)); (2) the current offense is not a violent felony (§ 1385, subd. (c)(2)(F)); and (3) the prior conviction underlying the enhancement is over five years old. (§ 1385, subd. (c)(2)(H).)

A.     *Forfeiture*

Relying on section 1385, subdivision (c)(2)(C), defendant claims the trial court abused its discretion in failing to strike the strike because the "five-year enhancement . . . increased the total sentence well over 20 years." Defendant did not object or raise a claim under this subdivision in the trial court. Failure to do so forfeits the issue on appeal. (*People v. Carmony* (2004) 33 Cal.4th 367, 373-374; *People v. Scott* (1994) 9 Cal.4th 331, 351-354.)

The forfeiture doctrine also applies to arguments that the trial court has failed to properly make or articulate its discretionary sentencing choices. (*People v. Scott, supra*, 9 Cal.4th at p. 353.) Thus, to the extent defendant claims the trial court abused its discretion by declining to strike the prior conviction without placing its reasons or analysis of the factors on the record, this claim also is forfeited for failing to object in the trial court.

B.     *Abuse of discretion*

Defendant argues the trial court abused its discretion in concluding that striking the five-year prior conviction enhancement from a 30-year sentence would endanger

7

public safety[5] or that his criminality militates against the mitigating factors that weigh greatly in favor of dismissing the enhancement. He also argues the trial court abused its discretion in concluding there was a likelihood that dismissal of the enhancement would result in physical injury or serious danger to others.

We review a trial court's order denying a motion to dismiss a sentence enhancement under section 1385 for abuse of discretion. (*People v. Carmony, supra*, 33 Cal.4th at pp. 375-376.) Abuse of discretion in failing to strike a prior conviction may occur where the trial court is not aware of its discretion, considers impermissible factors, fails to consider relevant factors; or where the decision is so irrational or arbitrary, no reasonable person could agree with it. (*Id*. at pp. 377, 378; *People v. Dryden* (2021) 60 Cal.App.5th 1007, 1029; *People v. Avila* (2020) 57 Cal.App.5th 1134, 1140-1141.) "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

The trial court stated it was aware of its discretion to strike the prior conviction. Nothing in the record demonstrates the court failed to analyze the relevant factors; to the contrary, defense counsel explicitly argued the prior conviction should be stricken based on the mitigating factors that the current offense was not a violent felony (§ 1385, subd. (c)(2)(F)) and the prior serious felony enhancement was based on a prior conviction over five years old. (§ 1385, subd. (c)(2)(H).) That the trial court did not explicitly address those factors does not mean they were not considered.

Nor was the decision so irrational or arbitrary that no reasonable person could agree with it. As defined in the statute, " '[e]ndanger public safety' means there is a

---

[5] The trial court did not make an explicit finding that striking the prior strike would endanger public safety. It appears both parties are reading the trial court's statement that it was imposing the five-year enhancement to protect the public as a finding that declining to strike it would endanger public safety.

likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).) Defendant claims it was not rational to conclude dismissing a five-year enhancement from an over 30-year sentence would result in physical injury or serious danger to others. But it was for the trial court to consider this fact along with the relevant risk factors. Those risk factors included significant violence, multiple felonies, and an inability to comply with parole and probation conditions.

For eight years, defendant was physically abusive to D.A.C. and threatened to kill her at least 10 times. Over the course of three days in 2015, he threatened to kill Norman and D.A.C., broke into D.A.C.'s apartment, repeatedly physically assaulted her, pointed a gun at her, and held her captive in her apartment until she escaped. His prior strike conviction was for assault with a deadly weapon against a police officer. His criminal record dates back to 1993 and continues consistently through the current offense. He has six prior felony convictions, including the prior strike assault on a peace officer with a firearm, multiple convictions for possessing an illegal weapon, and possession of methamphetamine. He also has multiple parole revocations and probation violations. Based on defendant's prior criminal record and the current offense, it was not arbitrary or irrational for the trial court to conclude that public safety would be endangered by striking the prior strike enhancement. We conclude there was no abuse of discretion.

II

Defendant next contends the judgment must be "clarified" to include a period of parole supervision of two years, not three. The People agree the parole term must be modified. However, because the trial court did not set the parole term, but instead merely advised defendant of a *possible* parole term, we do not find that the judgment must be modified.

When the trial court imposes a determinate term under section 1170, the "court shall . . . inform the defendant that as part of the sentence after expiration of the term they

9

may be on parole for a period as provided in Section 3000 or 3000.08 or postrelease community supervision for a period as provided in Section 3451." (§ 1170, subd. (c); Cal. Rules of Court, rule 4.433(e)(1).) The trial court also is required to advise a defendant pleading guilty to a felony that a period of parole is a direct consequence of such a plea. (*People v. Nuckles* (2013) 56 Cal.4th 601, 609, citing *In re Moser* (1993) 6 Cal.4th 342, 351-352.)

Although the trial court is required to advise a defendant of the parole period, the duration and conditions of parole are established by the Legislature and the parole authority or the Department of Corrections and Rehabilitation (CDCR). (*In re Lira* (2014) 58 Cal.4th 573, 584; *People v. Jefferson* (1999) 21 Cal.4th 86, 95-96; § 3000, subd. (b)(7); Cal. Code Regs., tit. 15, §§ 2510, 2515, subd. (a), 2525.) The sentencing court lacks authority to set or alter the applicable term of parole. (*In re Moser, supra*, 6 Cal.4th at p. 357; *Berman v. Cate* (2010) 187 Cal.App.4th 885, 898.) With exceptions not applicable here, section 3000.01 now limits the period of parole for an inmate serving a determinate term to two years. (§ 3000.01, subd. (b)(1), added by Stats. 2020, ch. 29, § 18.)

We construe the trial court's statement about the parole term as a mere advisement—albeit an erroneous one—regarding the length of the parole term, rather than an attempt to *impose* a specific parole term. Since the parole term was merely an advisement, and will be determined by the CDCR or the parole authority, we need not modify the judgment. (*People v. Tilley* (2023) 92 Cal.App.5th 772, 780.)

### III

In their reply brief, the People contend the matter must be remanded for defendant to be sentenced on his identity theft conviction in case No. 15-1344. Defendant has not filed a brief responding to this claim. It appears this error was not an exercise of judicial discretion, but rather an inadvertent omission.

10

A.     *Additional factual background*

As noted, in case No. 15-1344, defendant pleaded guilty to two counts of unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)), one count of identity theft (§ 530.5, subd. (a)), and eight misdemeanors.

The trial court imposed three 16-month terms on each of the felony convictions. On remand for resentencing, the probation report recommended an aggregate term of 31 years eight months, but did not include a sentence on the identity theft conviction. The recommended aggregate term was 16 months more than the sum of the sentences included in the report. At resentencing, the trial court followed the recommendation, and imposed an aggregate term of 31 years eight months, but did not impose a sentence on the identity theft count. Neither the court nor the parties noted the mathematical discrepancy at sentencing. Approximately one week later, the trial court issued a nunc pro tunc order indicating that in preparing the abstract of judgment, the "mathematical error was discovered," and corrected the judgment to reflect the sum of the terms actually imposed.

Upon conviction of a defendant, the trial court must pass sentence on defendant and determine the punishment imposed. (§ 12; *People v. Cheffen* (1969) 2 Cal.App.3d 638, 641.) This duty requires the court to either sentence defendant or grant probation. It has no other discretion. (*Cheffen, supra*, at p. 641.) The failure to pronounce sentence on all counts results in an unauthorized sentence. (*People v. Price* (1986) 184 Cal.App.3d 1405, 1411, fn. 6.) "When a court pronounces a sentence which is unauthorized by the Penal Code, that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the court." (*People v. Massengale* (1970) 10 Cal.App.3d 689, 693.)

The trial court did not orally pronounce or impose sentence on the identity theft count. This resulted in an unauthorized sentence. Accordingly, we must vacate the sentence and remand the matter to the trial court for resentencing.

11

## DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing. In all other respects, the judgment is affirmed.


      KRAUSE      , J.


We concur:


      EARL      , P J.


      MAURO      , J.