Filed 6/10/26  P. v. Mata CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JORGE MATA,<br><br>        Defendant and Appellant. | A173839<br><br>(Sonoma County<br>Super. Ct. No. 24CR00260) |

**MEMORANDUM OPINION[1]**

Jorge Mata pled no contest to two felony driving under the influence (DUI) offenses and three misdemeanor hit-and-run offenses.  The trial court imposed a two-year sentence on each of the DUI counts, stayed one of those sentences (Pen. Code, § 654; statutory references are to this code unless otherwise indicated), and pronounced sentences of "concurrent time" on the three misdemeanor hit-and-run counts.

We agree with the parties that failure to pronounce specific sentences on the misdemeanor counts was error.  Accordingly, we remand for resentencing on those counts.

---

[1] We resolve this case by memorandum opinion, reciting only those facts necessary to resolve the issue raised.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

1

## FACTUAL AND PROCEDURAL BACKGROUND

In 2024, Mata was charged by information with felony DUI of an alcoholic beverage within 10 years of a prior felony DUI (Veh. Code, §§ 23152, subd. (a), 23550.5; count 1), felony driving with a 0.08 percent blood alcohol content within 10 years of prior felony DUI (*id.*, §§ 23152, subd. (b), 23550.5; count 2), and three misdemeanor counts of hit and run resulting in property damage (*id.*, § 20002, subd. (a); counts 3, 4, & 5). As to counts 1 and 2, the information alleged that Mata's blood alcohol level was 0.15 percent or more (*id.*, § 23578); the information further alleged five circumstances in aggravation as to all counts.

In 2025, Mata entered an open plea of no contest to all the charges, enhancements, priors, and one aggravating circumstance (Cal. Rules of Court, rule 4.421(b)(3)). The remaining aggravating circumstances were dismissed on motion of the prosecution.

At the May 5, 2025 sentencing hearing, the court imposed the middle term of two years on each of the felony DUI offenses (counts 1 and 2), with the sentence on count 2 stayed pursuant to section 654. As to the misdemeanor hit-and-run offenses (counts 3, 4, & 5), the court stated it was "giving concurrent time" and "[n]o further jail time on the misdemeanors," without specifying any sentence imposed on those counts. Mata appealed.

## DISCUSSION

The only argument Mata raises on appeal is that the trial court erred by failing to pronounce specific sentences on the misdemeanor hit-and-run counts. We agree with the parties that the court's failure to do so was error warranting remand for resentencing.

Section 12 requires courts to "pass sentence on the defendant and impose the punishment prescribed" upon conviction for a crime. (*In re Sandel*

2

(1966) 64 Cal.2d 412, 415, citing § 12.)  And the trial court generally must "include all aspects of a judgment in its oral pronouncement of judgment." (*People v. Leon* (2020) 8 Cal.5th 831, 855.)

Therefore, a trial court must pronounce a sentence on every felony and misdemeanor conviction.  (*People v. Codinha* (2023) 92 Cal.App.5th 976, 994 (*Codinha*), citing §§ 12, 1202, 1445; *People v. Eberhardt* (1986) 186 Cal.App.3d 1112, 1121–1122; *People v. Cheffen* (1969) 2 Cal.App.3d 638, 641– 642; *People v. Morrow* (1969) 275 Cal.App.2d 507, 514.)  The failure to do so results in an unauthorized sentence.  (*People v. Price* (1986) 184 Cal.App.3d 1405, 1411, fn. 6; see *Codinha*, at p. 994.)  " 'When the mistake [in failing to pronounce sentence on a count] is discovered while the defendant's appeal is pending, the appellate court should remand the case for a proper sentence.' " (*Codinha*, at p. 994.)

Here, after the trial court pronounced sentences on the two felony DUI offenses, it failed to do the same on the three misdemeanor hit-and-run counts and instead stated it was imposing "concurrent time" on those counts. The court erred by failing to pronounce specific sentences on the misdemeanor counts, and we conclude the appropriate remedy is to remand for resentencing on counts 3, 4, and 5.  (*Codinha, supra,* 92 Cal.App.5th at p. 994.)

## DISPOSITION

Mata's sentence is vacated, and the case is remanded for resentencing on counts 3, 4, and 5.  In all other respects, the judgment is affirmed.

PETROU, J.

WE CONCUR:

FUJISAKI, Acting P. J.

RODRÍGUEZ, J.

A173839 / *People v. Mata*

4